CANADY, C.J.,
dissenting.
Because I conclude that the evidence at issue was admissible to show the bias of the witness who accused the defendant, I would quash the decision of the First District Court of Appeal.
Section 90.608, Florida Statutes (2006), provides that “the credibility of a witness” may be attacked by “[s]howing that the witness is biased.” Bias means “[a]n inclination, a propensity, a predisposition.” 1 Shorter Oxford English Dictionary 229 (6th ed. 2007). A witness’s credibility, therefore, may be attacked by evidence which shows an inclination or propensity of the'witnéss that is relevant to the subject or substance of the witness’s testimony. Here, the evidence that the witness had previously made false accusations that her uncle sexually molested her tended to show such a bias — namely, an inclination to make false accusations of sexual molestation — that was relevant to her accusation against her stepfather, the defendant.
I find the majority’s attempt to distinguish Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988), unpersuasive. The First District correctly recognized that the decision now on review was in conflict with Jaggers. The Jaggers court focused on the relevance of the witness’s “inclin[ation] to lie about sexual incidents and charge people with those acts without justification.” Id. at 327. The majority suggests that — unlike the prior accusation at issue here — the prior false accusation at issue in Jaggers was made.against the defendant. This is simply incorrect. See id. at 326-27.
Pantoja’s conviction should be set aside, and he should be afforded a new trial in which he is permitted to introduce the proper impeachment evidence that was excluded.
QUINCE, J., concurs.